UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN HARRY WRIGHT,

    Petitioner,

v.                             CASE NO. 09-11886
                                HONORABLE AVERN COHN
NICK LUDWICK,

    Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR STAY
AND
IMPOSING TIME LIMITS ON PETITIONER FOR EXHAUSTING HIS CLAMS AND
RETURNING TO THIS COURT
AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of first-degree criminal sexual conduct. See Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under the age of 13). Petitioner claims that (1) a detective's testimony concerning the complainant's pretrial interview was inadmissible hearsay and (2) the prosecutor improperly suggested during closing arguments that she personally believed Petitioner was guilty.

Before the Court is Petitioner's motion to hold his habeas petition in abeyance while he exhausts state remedies for four new claims, which allege: (1) prosecutorial misconduct (stating that Petitioner was lying) (2) ineffective assistance of trial counsel (failure to object to certain evidence); (3) ineffective assistance of appellate counsel

(failure to raise critical issues on appeal); and (4) violation of the Double Jeopardy Clause. For the reasons that follow, the motion will be granted.

II.

The doctrine of exhaustion of state remedies requires state prisoners to present all their habeas claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009). Petitioner has exhausted state remedies for his two pending claims, but not for the four new claims that he seeks to present to this Court. If the Court were to permit Petitioner to supplement his habeas petition with the unexhausted claims, his pleading would become a "mixed" petition of exhausted and unexhausted claims.

Habeas petitions containing even one unexhausted issue are subject to dismissal, Rose v. Lundy, 455 U.S. 509, 522 (1982), and dismissal of the pending petition could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have adopted a "stay and abeyance" approach. Rhines v. Weber, 544 U.S. 269, 275 (2005). Under this approach, courts stay the habeas petition while the inmate returns to state court to pursue additional state remedies for the unexhausted claims. Id. As explained in Duncan v. Walker, 533 U.S. 167 (2001),

> there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when [28 U.S.C. § 2254(b)(2)] gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious

> claims . . . and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

Id. at 182-83 (Stevens, J., concurring in part and concurring in the judgment). After the state court completes its review of the petitioner's new claims, the federal court can lift its stay and allow the inmate to proceed in federal court. Rhines, 544 U.S. at 275-76. Stay and abeyance are available only in limited circumstances, such as when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics. Id. at 277-78.

Petitioner does not appear to be engaged in abusive litigation tactics, and his proposed new claims are not plainly meritless. In addition, Petitioner alleges that his appellate attorney was "cause" for not raising his new claims on direct review.

The Court concludes that it would not be an abuse of discretion to hold this case in abeyance while Petitioner pursues additional remedies in state court.

### III.

Accordingly, for the reasons stated above, Petitioner's motion to hold the petition in abeyance is **GRANTED**.

The stay is conditioned on Petitioner presenting his unexhausted claims to the trial court in a motion for relief from judgment within **sixty days (60)** of the date of this order. If Petitioner is unsuccessful in state court, he may move to re-open this case, provided that he does so within **sixty days (60)** of exhausting state remedies for his new claims.

Finally, the Clerk of the Court shall close this case for statistical purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's exhausted claims.

SO ORDERED.

   s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 9, 2010

I hereby certify that a copy of the foregoing document was mailed to Benjamin Wright 404876, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and to the attorneys of record on this date, February 9, 2010, by electronic and/or ordinary mail.

   s/ Julie Owens
Case Manager, (313) 234-5160